IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DON CLARK WILSON,

        Petitioner,                      No. CIV S-06-2006 DFL KJM P

   vs.

D.K. SISTO, et al.,

        Respondents.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee.

        In the body of the printed habeas form, petitioner raises two challenges to his continued confinement without a parole date following his 1972 conviction for first degree murder. First, he alleges that he is being subjected to parole procedures that violate the federal constitution. Second, he contends that the Board of Prison Terms has failed to reset his term under the Indeterminate Sentencing Law.

        In the lengthy points and authorities that follow, petitioner makes an ex post facto claim based on the application of Determinate Sentencing Law (DSL) parole criteria being applied to his ISL sentence. He also alleges, however, that he has "met all of the criteria for qualifying as a candidate for parole. . . ." Pet., Attachment (Attach.) at 2. He also relies on Biggs v. Terhune, 334 F.3d 910, 916 (9th Cir. 2003), in which the Ninth Circuit noted the due

1

process problems that might arise if continued denials of parole are based on unvarying and unvariable factors such as an inmate's prior record and the circumstances of the offense. Finally, he argues that the Board "was without sufficient evidence to deny parole to Petitioner . . ." and asks that the court direct the Board "to set the release date of Petitioner. . . ." Attach. at 29.

Petitioner concedes he has not exhausted his state remedies by presenting his claims to the California Supreme Court, which is, in most cases, a condition precedent to seeking federal habeas relief. Picard v. Connor, 404 U.S. 270, 276 (1971); 28 U.S.C. § 2254 (b)(1). He argues, however, that because he is challenging only parole procedures, he is not required to exhaust state remedies. He relies on Wilkinson v. Dotson, 544 U.S. 74 (2005).

In Wilkinson, two prisoners filed civil rights actions challenging Ohio parole procedures. Dotson alleged that the parole board improperly used procedures enacted after he began to serve his term; Johnson made the same claim and also argued that his due process rights were violated because he was not allowed to speak at the hearing, which was not attended by the required number of board members. The Supreme Court considered whether the claims were cognizable in an action under 42 U.S.C. § 1983 rather than in a habeas action. It concluded:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no mater the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.
>
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> Dotson and Johnson seek relief that will render invalid the state procedures used to deny parole eligibility (Dotson) and parole suitability (Johnson). Neither respondent seeks an injunction ordering his immediate or speedier release into the community . . . . Success for Dotson does not mean immediate release from confinement or a shorter stay in prison; it means at most new eligibility review, which at most will speed *consideration* of a new parole application. Success for Johnson means at most a new parole hearing at which Ohio parole authorities may, in their discretion, decline to shorten his prison term.

Id. at 81-82 (emphases in original; citations omitted).

1       <u>Wilkinson</u> thus considered a prisoner's use of a civil rights action to challenge
2  procedures; it did not hold that a prisoner was excused from the normal requirement that he
3  exhaust state remedies when he files a habeas action ultimately seeking release on parole.

4       While petitioner has challenged the procedures used in his parole hearings, he has
5  also challenged the substantive result of those hearings: the denial of a parole date.  Moreover,
6  petitioner has not filed a civil rights action seeking damages or an injunction:  he has filed a
7  petition for a writ of habeas corpus seeking release.  There is no allegation that state court
8  remedies are no longer available to petitioner; before he may pursue federal habeas relief, he
9  must exhaust those remedies.

10      Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
11 a writ of habeas corpus be dismissed.

12      These findings and recommendations are submitted to the United States District
13 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
14 days after being served with these findings and recommendations, petitioner may file written
15 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
16 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
17 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
18 F.2d 1153 (9th Cir. 1991).

19 DATED:  February 28, 2007.

_____
U.S. MAGISTRATE JUDGE

2

24 2/wils2006.156